```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**FELIX A. BRIZUELA, JR.,**

       **Petitioner,**

                          Civil Action No. 1:22CV2
                          Criminal Action No. 1:18CR1-1
**v.**                                   (Judge Keeley)

**UNITED STATES OF AMERICA,**

       **Respondent.**

**MEMORANDUM OPINION AND ORDER DENYING § 2255
PETITION AND DENYING CERTIFICATE OF APPEALABILITY**

Pending is the pro se petition filed by Felix A. Brizuela, Jr. ("Brizuela"), to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 313).[1] For the reasons that follow, the Court **DENIES** Brizuela's petition and **DISMISSES** this case **WITH PREJUDICE**.

## I. BACKGROUND

**A. Underlying Criminal Case**

On January 9, 2018, Brizuela was one of three defendants named in a fifty-count indictment and forfeiture allegation, which charged him with twenty-one counts of Distribution of Controlled Substances Outside the Bounds of Professional Medical Practice, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) ("Counts One through

---

[1] All docket numbers refer to Criminal Action No. 1:18CR1 unless otherwise noted.

**BRIZUELA v. UNITED STATES**                                  **1:22CV2/1:18CR1-1**

**MEMORANDUM OPINION AND ORDER DENYING § 2255
PETITION AND DENYING CERTIFICATE OF APPEALABILITY**

Twenty-One"); Conspiracy to Distribute Controlled Substances Outside the Bounds of Professional Medical Practice, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(E)(i), (b)(1)(E)(iii) and 846 ("Count Twenty-Two"); and sixteen counts of Illegal Remuneration, in violation of the Federal Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b)(1)(B) ("Counts Thirty-Five through Fifty") (Dkt. No. 1).

Beginning in early January 2019, the Court held a seven-day jury trial on Counts One through Twenty-One and Thirty-Five through Fifty (Dkt. Nos. 141, 142, 143, 146, 147, 153, 158). At the trial's conclusion, on January 14, 2019, the jury convicted Brizuela on Counts Two through Six, Eleven through Nineteen, and Twenty-One, but acquitted him on Counts One, Seven through Ten, Twenty, and Thirty-Five through Fifty (Dkt. No. 161, 163).

On September 3, 2019, the Court sentenced Brizuela to fifteen (15) concurrent forty-eight-month terms of imprisonment followed by concurrent three-year terms of supervised release (Dkt. No. 384). Brizuela filed a notice of appeal on September 9, 2019 (Dkt. No. 386), and on June 19, 2020, the Fourth Circuit vacated

**BRIZUELA v. UNITED STATES**  1:22CV2/1:18CR1-1

**MEMORANDUM OPINION AND ORDER DENYING § 2255
PETITION AND DENYING CERTIFICATE OF APPEALABILITY**

Brizuela's convictions and remanded the case for a new trial (Dkt. Nos. 469, 470).

On remand, pursuant to a binding plea agreement, on October 1, 2020, Brizuela pleaded guilty to Count Two of the Indictment (Dkt. No. 493, 494). After accepting the parties' binding plea agreement, the Court imposed an agreed upon sentence of time served followed by three (3) years of supervised release (Dkt. No. 498). Also pursuant to that binding agreement, the Court granted the Government's motion to dismiss all remaining charges against Brizuela. Id.

**B. Section 2255 Petition**

On January 4, 2022, Brizuela filed the instant pro se petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 519). After the Court issued a Notice of Deficient Pleading (Dkt. No. 521), Brizuela re-filed his petition on the court-approved form on January 15, 2022 (Dkt. No. 524). Following an initial review of that petition, the Court concluded that it may be untimely and issued a notice pursuant to Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002) (Dkt. No. 527). Brizuela responded to that notice, arguing that his petition was timely because it was

3

**BRIZUELA v. UNITED STATES**                                    1:22CV2/1:18CR1-1

**MEMORANDUM OPINION AND ORDER DENYING § 2255
PETITION AND DENYING CERTIFICATE OF APPEALABILITY**

filed within a year of the time when, in the exercise of due diligence, the facts supporting his claims could have been discovered (Dkt. Nos. 529, 530). And since filing his petition, Brizuela has filed numerous supplemental documents, some of which are relevant to his case (Dkt. Nos. 526, 533, 535, 537-45, 548).

At bottom, Brizuela raises two colorable claims in his petition. He first contends that the attorney who represented him at his plea and sentencing following remand was ineffective because he failed to review the patient file related to Count Two of the Indictment, to which he pleaded guilty (Dkt. No. 524). He next argues that, following the Supreme Court's decision in Ruan v. United States, 142 S. Ct. 2370 (2022), that conviction is invalid. The Government asserts that Brizuela's petition is untimely and disputes that his counsel was ineffective (Dkt. No. 536).[2]

While Brizuela raises several issues related to his convictions from his first trial, those convictions were vacated by the Fourth Circuit and therefore cannot properly be raised in a § 2255 petition. United States v. Wilson, 256 F.3d 217, 219 (4th Cir. 2001). Furthermore, Brizuela's "vague and conclusory

---

[2] Ruan was not decided until after the Government's response was filed.

**BRIZUELA v. UNITED STATES**                                    1:22CV2/1:18CR1-1

**MEMORANDUM OPINION AND ORDER DENYING § 2255**
**PETITION AND DENYING CERTIFICATE OF APPEALABILITY**

allegations" regarding corruption and collusion, the vast majority of which also relate to his first trial, "may be disposed of without further investigation by the District Court." United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) (quoting United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000)).

## II. APPLICABLE LAW

Section 2255(a) permits a federal prisoner who is in custody to assert the right to be released if his "sentence was imposed in violation of the Constitution or laws of the United States," if "the court was without jurisdiction to impose such sentence," or if his "sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A petitioner bears the burden of proving any of these grounds by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

## III. DISCUSSION

Following a careful review of the record, the Court concludes that Brizuela's § 2255 petition is time barred. And even if the Court were to consider his petition on its merits, Brizuela would not be entitled to relief.

**BRIZUELA v. UNITED STATES**                                         **1:22CV2/1:18CR1-1**

**MEMORANDUM OPINION AND ORDER DENYING § 2255
PETITION AND DENYING CERTIFICATE OF APPEALABILITY**

**A. Timeliness**

Brizuela argues that his petition is timely because it was filed within a year of the time within which the facts supporting his claims could have been discovered (Dkt. Nos. 529, 530). The Government contends that Brizuela could have discovered the necessary supporting facts more than a year before he filed his petition (Dkt. No. 536 at 5-6).

Section 2255(f) provides a limitation period of one year for filing a habeas petition. That limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by the governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

6

**BRIZUELA v. UNITED STATES**                                    **1:22CV2/1:18CR1-1**

**MEMORANDUM OPINION AND ORDER DENYING § 2255
PETITION AND DENYING CERTIFICATE OF APPEALABILITY**

28 U.S.C. § 2255(f)(1)-(4). A criminal conviction becomes final at the end of the appellate process or when the time for a direct appeal expires and the defendant has not noticed an appeal. United States v. Oliver, 878 F.3d 120, 125 (4th Cir. 2017).

Here, the Court entered judgment in Brizuela's criminal case on October 2, 2020 (Dkt. No. 498). Pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A), Brizuela had fourteen (14) days to file a notice of intent to appeal, or until October 16, 2020. Since he did not appeal, pursuant to § 2255(f)(1), he had one (1) year from that point to file a habeas petition. Brizuela failed to file his petition until January 4, 2022 (Dkt. No. 519).

Brizuela has submitted an affidavit signed by his former attorney dated December 29, 2021, in which counsel avers that he did not review certain pertinent documents related to Count Two of the Indictment prior to Brizuela's plea hearing, nor did he properly advise Brizuela regarding the potential impact of Ruan before Brizuela entered his guilty plea (Dkt. No. 524-2). Brizuela contends that he "stumbled upon this new evidence on December 29, 2021 when [counsel] finally grew a conscious [sic] to admit he never reviewed the Patient HS chart" (Dkt. No. 529 at 1). Brizuela

7

asserts that he had previously "spoke[n] to [counsel] on multiple occasions and not once did [he] admit that he had not reviewed patient HS [sic] chart" (Dkt. No. 529 at 1).

In its response, the Government raises significant questions about the veracity of these contentions (Dkt. No. 536 at 5-6). Specifically, in speaking with Brizuela's former attorney, the Government learned that Brizuela had notified him in November 2021 that another attorney would be contacting him to discuss Brizuela's case. Id. at 5. Over the next month, Brizuela's former attorney and the other attorney revised the affidavit attached to Brizuela's § 2255 petition several times until it was acceptable to both. Id. at 6. Based on this, the Government argues that Brizuela could have discovered this information earlier, but failed to reach out to his former attorney until after the deadline for filing his § 2255 petition on October 16, 2021, had passed. Id.

After a fair consideration of all of this evidence, the Court concludes that Brizuela's petition is untimely. Not only does Brizuela not deny that he waited until November 2021 to contact his former attorney, but he also admits that he had another attorney conduct supplemental discussions with that former counsel

8

**BRIZUELA v. UNITED STATES** 1:22CV2/1:18CR1-1

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION AND DENYING CERTIFICATE OF APPEALABILITY**

regarding an affidavit (Dkt. No. 537 at 4). As a result, it was not until December 29, 2021, that Brizuela finally obtained an affidavit supporting his claims. He thus clearly did not "stumble[] upon this new evidence" (Dkt. No. 529 at 1), but on the contrary, solicited it with the assistance of a lawyer.

Accordingly, the Court concludes that, had Brizuela exercised due diligence in seeking out this information, he faced no impediment to discovering the facts contained in the affidavit on a timely basis. His assertion that counsel never volunteered that he had failed to review the patient file does not alter this conclusion. The evidence therefore preponderates that Brizuela filed his § 2255 petition more than a year after he reasonably could have discovered the information contained in the supporting affidavit.

**B. Ineffective Assistance of Counsel**

Even if not time barred, Brizuela's petition fails on the merits. Brizuela first contends that his counsel was ineffective because he failed to review the patient file for H.S., whose treatment formed the basis for Brizuela's conviction on Count Two of the Indictment (Dkt. No. 524 at 5-7). The Government disputes

9

**BRIZUELA v. UNITED STATES**                      **1:22CV2/1:18CR1-1**

**MEMORANDUM OPINION AND ORDER DENYING § 2255
PETITION AND DENYING CERTIFICATE OF APPEALABILITY**

this, arguing that no prejudice resulted because Brizuela in any case was extremely familiar with H.S.'s patient file both from his treatment of her and its admission into evidence during his first trial (Dkt. No. 536 at 8-11). Moreover, it notes that Brizuela's attorney was generally familiar with the factual allegations involved in Count Two, and that many of Brizuela's statements contradict the sworn testimony he gave at his plea and sentencing hearing. Id. at 7-8, 10-11.

    To succeed on a claim of ineffective assistance, a petitioner must establish, by a preponderance of the evidence, that (1) his "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). The petitioner must "satisfy both prongs, and a failure of proof on either prong ends the matter." United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004).

    To satisfy the first prong, a petitioner must demonstrate that counsel's conduct "fell below an objective standard of reasonableness . . . under prevailing professional norms." Strickland, 466 U.S. at 687-88. But "[j]udicial scrutiny of counsel's performance must be highly deferential" because "[i]t is

10

**BRIZUELA v. UNITED STATES**                                   **1:22CV2/1:18CR1-1**

**MEMORANDUM OPINION AND ORDER DENYING § 2255
PETITION AND DENYING CERTIFICATE OF APPEALABILITY**

all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.

To satisfy the second prong, a petitioner must establish that his counsel's error was not harmless error, but prejudiced the outcome of the case. Strickland, 466 U.S. at 694. Specifically, in the context of a guilty plea, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Even assuming that defense counsel's failure to review H.S.'s patient file was unreasonable, Brizuela's ineffective assistance of counsel claim fails because he cannot establish prejudice. In the first place, he was intimately familiar with the information contained in H.S.'s patient file. Not only had he treated her as

**BRIZUELA v. UNITED STATES**                          **1:22CV2/1:18CR1-1**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION AND DENYING CERTIFICATE OF APPEALABILITY**

a patient, but the Government admitted substantial evidence during his first trial relating to H.S. that included her patient file, testimony from her mother, and the opinion of an expert witness (Dkt. Nos. 162, Gov. Exs. 1, 1a; 195 at 289-316, 735-94). And at trial, Brizuela countered on this issue with the testimony of his own expert witness. Id. at 1006-16.

Accordingly, even though counsel failed to review H.S.'s patient file, relying instead on general factual allegations, Brizuela's own extensive knowledge of H.S.'s case undermines any argument that Brizuela did not enter a knowing plea. Counsel could not have provided Brizuela with any more information about that patient file than he already possessed from his knowledge and experience. Thus, Brizuela suffered no prejudice.

Notably, Brizuela's plea agreement also contained important material benefits to him, including dismissal of the remaining fifteen (15) counts in the Indictment in Criminal Action No. 1:18CR1, and dismissal of a second Indictment the Government had filed against him (Dkt. No. 494), that gave Brizuela a strong incentive to plead guilty. Had Brizuela pleaded not guilty, he not only would have faced prosecution on the remaining fifteen (15)

12

**BRIZUELA v. UNITED STATES**                                    **1:22CV2/1:18CR1-1**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION AND DENYING CERTIFICATE OF APPEALABILITY**

counts in Criminal Action No. 1:18CR1, but also on seven additional counts in a new indictment, Criminal Action No. 5:20CR22.

Moreover, although the plea agreement prohibited Brizuela from seeking authority to prescribe controlled substances while on supervised release, it did not permanently prohibit him from doing so; nor did it prohibit him from immediately seeking to have his medical license reinstated (Dkt. No. 494). Finally, Brizuela's plea agreement contained a binding sentence of time served followed by three (3) years of supervised release, approximately a three-month variance below his applicable guideline range that allowed him to avoid any further imprisonment and return home to his family (Dkt. Nos. 494, 504 at 37-39).

On balance, therefore, Brizuela has failed to establish that had his counsel reviewed H.S.'s patient file "he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. Not only did Brizuela possess extensive personal knowledge of H.S.'s case, but proceeding to trial would have meant sacrificing the significant benefits and concessions afforded him in the plea agreement.

**BRIZUELA v. UNITED STATES** 1:22CV2/1:18CR1-1

**MEMORANDUM OPINION AND ORDER DENYING § 2255
PETITION AND DENYING CERTIFICATE OF APPEALABILITY**

**C. Ruan**

Brizuela next argues that, following the Supreme Court's decision in Ruan v. United States, his conviction is invalid. In Ruan, the Supreme Court considered whether doctors, such as Brizuela, convicted of distributing controlled substances outside the bounds of professional medical practice under 21 U.S.C. § 841, had to know that such distribution was not authorized by law. 142 S. Ct. at 2375. Focusing on the statutory text, Ruan held that "[a]fter a defendant produces evidence that he or she was authorized to dispense controlled substances, the Government must prove beyond a reasonable doubt that the defendant knew that he or she was acting in an unauthorized manner, or intended to do so." Id. In other words, "[§ 841's] 'knowingly and intentionally' mens rea applies to authorization." Id. (emphasis in original).

Setting aside the fact that the Supreme Court did not direct that Ruan should be applied retroactively on collateral review, Brizuela ignores the fact that, prior to the decision in Ruan, the Court extensively addressed the issue raised in that case at his combined plea and sentencing hearing. While recognizing that the state of the law was unsettled, it nevertheless advised Brizuela

14

**BRIZUELA v. UNITED STATES**  1:22CV2/1:18CR1-1

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION AND DENYING CERTIFICATE OF APPEALABILITY**

that, on re-trial, the Government would be required to prove an additional mens rea element in his case, to which Brizuela responded that he fully understood.

> THE COURT: . . . I believe it's imperative that you understand from me that a fourth element in this case would be that the Government had to prove beyond a reasonable doubt that you knew your actions were not for legitimate medical purposes in the usual course of professional practice, medical practice, or beyond the bounds of medical practice; do you understand?
>
> BRIZUELA: Yes, I fully understand, Your Honor.

(Dkt. No. 504 at 7).

Moreover, when it reviewed the stipulated facts in the plea agreement with Brizuela, the Court again advised Brizuela about this additional mens rea element:

> THE COURT: Now, in Paragraph 9, you and the Government are setting forth what your stipulated facts are. And this basically recounts the allegation in the Indictment in Paragraph 2, and states that on or about August 23 of 2013 in Monongalia County, you knowingly, intentionally, and unlawfully distributed oxycodone, a Schedule II controlled substance. And then I indicated that I thought if we were to go to trial, I would add as an essential element in the instructions, that you did that knowing it was without a legitimate medical purpose and outside the usual course of professional

15

**BRIZUELA v. UNITED STATES**                                1:22CV2/1:18CR1-1

**MEMORANDUM OPINION AND ORDER DENYING § 2255
PETITION AND DENYING CERTIFICATE OF APPEALABILITY**

> practice. And it was prescribed to an individual whose initials were H.S. and that was in violation -- that is a federal felony violation of Title 21 United States Code, Section 841(a)(1) and 841(b)(1)(C); do you understand?
>
> BRIZUELA: Yes, just one question, Your Honor. I thought I heard you say H.F. I'm sorry. I misunderstood.
>
> THE COURT: I said H.S.

Id. at 19.

Furthermore, the Government's proffer included facts establishing that Brizuela had knowingly distributed controlled substances outside the bounds of professional medical practice:

> PROSECUTION: . . . And we would put on evidence that Dr. Brizuela knew that he was prescribing for other than legitimate medical purpose or outside the bounds of medical practice. And that evidence would include evidence that when [H.S.'s mother] did file a complaint with the West Virginia Board of Osteopathic Medicine, Dr. Brizuela falsely denied that H.S. -- in his response -- that H.S. was abusing or misusing drugs. Instead, he stated that she had been compliant. He failed to disclose that H.S. had several inconsistent test results. And in addition to that evidence, that shows that Dr. Brizuela knew that he was prescribing outside the bounds of professional medical practice, we would introduce evidence of a notice to all patients that was included in virtually all of the medical charts that were seized from Dr. Brizuela's Morgantown

16

**BRIZUELA v. UNITED STATES**                                        **1:22CV2/1:18CR1-1**

**MEMORANDUM OPINION AND ORDER DENYING § 2255
PETITION AND DENYING CERTIFICATE OF APPEALABILITY**

> practice, notifying patients and requiring them to sign the notification that if they failed a drug screen for having other controlled substances, they would no longer receive controlled substances from him and words to the effect, that the reason for that policy was that it was required by the law.

Id. at 33-34. Brizuela subsequently agreed that the proffer was "correct factually as to [his] actions in connection with Count Two of the Indictment." Id. at 34.

Accordingly, in accord with the holding in Ruan, the Court twice informed Brizuela that, should he decide to go to trial, the Government would be required to prove beyond a reasonable doubt that he knowingly distributed controlled substances outside the bounds of professional medical practice, or in other words that he knew the distribution was not authorized.[3] Brizuela stated that he fully understood that was the Government's burden. Even assuming counsel failed to advise Brizuela of this additional element that was part of the Government's burden of proof, the Court's explanation forecloses any viable claim of ineffective assistance

---

[3] Although Ruan requires a defendant to first "produce[] evidence that he or she was authorized to dispense controlled substances," 142 S. Ct. at 2375, the Court's failure to mention that portion of the element did not prejudice Brizuela, as it raised the burden on the Government. Furthermore, the parties never contested Brizuela's authorization to dispense controlled substances.

17

**BRIZUELA v. UNITED STATES**                                          **1:22CV2/1:18CR1-1**

**MEMORANDUM OPINION AND ORDER DENYING § 2255
PETITION AND DENYING CERTIFICATE OF APPEALABILITY**

of counsel based on this ground. United States v. Lambey, 974 F.2d 1389, 1395 (4th Cir. 1992), cert. denied, 513 U.S. 1060 (1994) ("[I]f the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and defendant.").

And after he was so advised by the Court, Brizuela admitted to this additional element when he agreed with the Government's proffer. "[R]epresentations of the defendant . . . at [the plea] hearing constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

## IV. CONCLUSION

Because in the process of pleading guilty to Count Two of the Indictment Brizuela was correctly advised about the elements of his offense and admitted that he had knowingly distributed controlled substances outside the bounds of his professional medical practice, his conviction conforms to the dictates of Ruan. Moreover, counsel's failure to review the patient file related to

**BRIZUELA v. UNITED STATES**                                  1:22CV2/1:18CR1-1

### MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION AND DENYING CERTIFICATE OF APPEALABILITY

Count Two did not prejudice Brizuela as he possessed extensive personal knowledge of H.S.'s case and was afforded significant benefits by his plea agreement. The Court therefore **DENIES** Brizuela's § 2255 petition (Dkt. No. 313) and **DIMISSES** this case **WITH PREJUDICE.**

It is so **ORDERED.**

The Clerk **SHALL** enter a separate judgment order in favor of the United States; transmit copies of this Order and the judgment order to Brizuela by certified mail, return receipt requested, and to counsel of record by electronic means; and strike this case from the Court's active docket.

### V. DENIAL OF CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rules Governing Section 2255 Proceedings 11(a).

**BRIZUELA v. UNITED STATES**  1:22CV2/1:18CR1-1

## MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION AND DENYING CERTIFICATE OF APPEALABILITY

The Court finds it inappropriate to issue a certificate of appealability in this matter because Brizuela has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, the Court concludes that Brizuela has failed to make the requisite showing, and **DENIES** issuing a certificate of appealability.

DATED: September 21, 2022

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE